## Nash v. Nash

*H. Eugene Gardner*, for libellant.

*J. Ambler Williams*, for respondent.

KNIGHT, P. J., December 4, 1936.—Libellant filed his petition or libel seeking a divorce from respondent on the ground of desertion. Respondent having demurred to the libel, counsel for both parties filed a written stipulation, by the terms of which libellant was permitted to file an amended libel, which pleading was accordingly filed. Respondent then made answer, to which libellant filed a reply. This rule is to show cause why the reply should not be stricken from the record.

The amended libel avers that respondent deserted libellant "at their home on Fairview Street in Stowe, Pa., on August 19, 1932, and that said desertion has been persisted in for a period of two years and upwards and down to the present time." The libel also sets forth certain facts which, if properly proved, would make out a case of constructive desertion.

The answer not only denies the truth of the averments upon which libellant relies to make out his case of desertion, but alleges that libellant, during the period the parties lived and cohabited together as man and wife, practiced open adultery, and that he also offered such indignities to the person of respondent as to render her condition intolerable and life burdensome. It is to this new matter that libellant makes reply.

There is some textbook authority that a reply in the nature of a replication may be made when the answer sets up new facts: See Dannehower's Sturgeon on Divorce (2d ed.) 358, citing 1 Brewster's C. P. Practice 475. No cases are cited in support of this statement, nor have we been able to find one reported case where the exact question now before us has been decided or discussed. The Divorce Law of May 2, 1929, P. L. 1237, does not mention a replication or reply to an answer, and it seems to us the clear intent of the act is that a case shall be at issue when a responsive answer is filed to the libel.

Counsel for libellant, in the short oral argument he made before the court en banc, stated that he only filed the reply because he feared the truth of the new matter set up in the answer would be considered admitted if not denied. We believe his fears are unfounded. The libel alleges desertion by respondent. The answer denies it, and alleges facts which, if established, would justify respondent in refusing to live with libellant. This is in the nature of an affirmative defense, and the burden is upon respondent to prove the facts she alleges to exist. In the absence of any statutory requirement to file a reply to new matter alleged

in the answer, we are of the opinion that such a reply is unnecessary and unwarranted.

And now December 4, 1936, the rule to show cause why libellant's reply to the answer of respondent should not be stricken from the record is made absolute.